UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES ANDREW LIGHTNER,      )
                                 )
      Plaintiff,       )
                                 )
      v.                )   Case No. 3:17-CV-206 JD
                                 )
NANCY A. BERRYHILL, ACTING   )
COMISSIONER OF SOCIAL      )
SECURITY,               )
                               )
      Defendant.

## OPINION AND ORDER

Plaintiff James Lightner applied for but was denied disability benefits by the Social Security Administration. Lightner appeals the denial and the matter has been fully briefed. For the following reasons, the Court will remand this matter to the Commissioner for further proceedings.

### FACTUAL BACKGROUND

On September 20, 2013, Lightner suffered a work-related injury when an overhead crane struck him in the back, resulting in multiple fractures to his vertebrae. He received physical and occupational therapy following his discharge from the hospital and returned to work, performing a job that his employer created to accommodate him in which he made and repaired extension cords. On November 24, 2014, Lightner lost his job because his employer could no longer provide this accommodation. Lightner has sought various courses of treatment since his injury, but has remained symptomatic of pain, nerve palsy, reduced strength, and stenosis.

Lightner filed his initial application for benefits alleging disability beginning November 24, 2014. His application was denied initially, on reconsideration, and following an administrative hearing in July 2016 at which he was represented by counsel. At that hearing, the

1

ALJ heard testimony from Lightner and vocational expert ("VE") Tonya Owen. The ALJ found that Lightner had some severe impairments but could still perform certain jobs available in the national and regional economy, and he was therefore not disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920(g). The Appeals Council denied review of the ALJ decision, making the ALJ's decision the final determination of the Commissioner.

## STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399-400. In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence

favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. While the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

## DISCUSSION

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The steps are used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform past relevant work; and

5. Whether the claimant can perform other work in the community.

*See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an

impairment listed in the regulations, disability is acknowledged by the Commissioner. *See* 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met, in between steps three and four, the ALJ must then assess the claimant's residual functional capacity ("RFC"), which, in turn, is used to determine whether the claimant can perform his past work under step four and whether the claimant can perform work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof in steps one through four, while the burden shifts to the Commissioner in step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

Lightner contends that, had the ALJ not erred in her opinion, additional imitations on pace, focus, concentration, and sustainability would be included in the RFC, such as the need for additional breaks and the need to alternate between sitting and standing. [DE 15 at 7, 12] He supports this argument with two main theories: (1) the ALJ failed to properly evaluate and assess his credibility as to the alleged symptoms and limitations; and (2) the ALJ failed to properly weigh the opinions of his treating physicians.[1] The Court addresses these points in turn.

## A.     Credibility

Lightner challenges the ALJ's finding that his statements concerning the intensity, persistence, and limiting effects of his symptoms "are not entirely consistent with the medical evidence and other evidence in the record…." (R. 25). The Court agrees that the scant reasons provided by the ALJ to question Lightner's credibility are insufficient.

Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness, the Court will not overturn an ALJ's credibility determination unless it is patently

---

[1] Lightner additionally argues that the hypothetical posed to the VE was not based on sufficient evidence, thereby poisoning the vocational findings. Lightner devotes a single paragraph to this argument and the Court will decline to address it here, given the outcome of this opinion and order.

wrong. *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012). The ALJ's decision must, however, provide specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and must be sufficiently specific or clearly articulated so the individual and any subsequent reviewers can assess how the adjudicator evaluated the symptoms. SSR 16-3p (superseding SSR 96-7p); *see also Pepper v. Colvin,* 712 F.3d 351, 367 (7th Cir. 2013). An ALJ's failure to give specific reasons for a credibility finding, supported by substantial evidence, is grounds for remand. *Id.*; *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009).

Here, after summarizing the record for over two pages (without any analysis) (R. 23-25), the ALJ provided two paragraphs explaining why she discredited Lightner's statements and allegations. (R. 25). The first paragraph recites the usual boilerplate credibility language, concluding that Lightner's statements are not consistent with the record. *Id.* Granted, "[a]n ALJ's use of the boilerplate is not in itself grounds for remand so long as the decision otherwise reflects an appropriate assessment of the claimant's credibility (to the extent the ALJ has rejected as not credible the claimant's subjective complaints)." *Doherty v. Astrue*, No. 1:11-cv-00838, 2012 WL 4470264, at *7 (S.D. Ind. Sept. 27, 2012) (citing *Filus v. Astrue*, 2012 WL 3990651, at *4 (7th Cir. Sept. 7, 2012)). However, "[t]he ALJ must state reasons for the weight he gives to the claimant's statements so that the claimant and subsequent reviewers have a fair sense of how the claimant's testimony was assessed." *Id.* (citing *Brindisi v. Barnhart*, 315 F.3d 783, 787-88 (7th Cir. 2003) (ALJ must comply with SSR 96–7p in making a credibility determination by articulating the reasons behind the determination)).

The second paragraph contains virtually no analysis explaining how or why Lightner's complaints are "not really well supported for an inability to do even sedentary work." (R. 25).

The ALJ first states that "the treatment records from OMSC reveal abnormalities that would be consistent with a sedentary residual functional capacity, but not necessarily less than that." *Id.* The OMSC treatment records include nearly one hundred pages of notes, impressions, and reports (R. 366-422, 473-75, 506-37), but the ALJ never bothered to specifically identify *which* records support her opinion, leaving no way to discern the "abnormalities" consistent with sedentary work but inconsistent with anything less. This renders her credibility assessment flawed. *See Russell v. Colvin*, No. 3:14-cv-1592, 2015 WL 5554225, at **5-6 (N.D. Ind. Sept. 21, 2015) (remanding where ALJ explained RFC assessment by referring generally to claimant's "several normal or essentially normal physical examinations" without identify which exams in the sixty-plus pages of the relevant exhibit supported his reasoning, let alone *how* they supported his reasoning). Next, in assessing Lightner's symptomatic complaints, the ALJ states, "Dr. Szynal noted that the claimant said there was no real change since he stopped working." (R. 25). But the ALJ does not even indicate what kind of change she refers to, nor when Dr. Szynal recorded this information. Lastly, the ALJ concludes that the fact that Lightner could get to work on time (despite his difficulty getting up in the morning) is somehow consistent with the consulting physician's observation that Lightner had trouble rising from a seated chair, and therefore he can perform sedentary work. *Id.* Again, the ALJ does not explain this logical leap – she does not explain her implied conclusion that an individual's ability to get to work on time somehow corresponds to his ability to stand from a seated position and/or perform sedentary work.

These three observations make up the entirety of the ALJ's credibility analysis. All in all, they patently fail to establish the requisite "logical bridge" between the evidence and her conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). This constitutes reversible error.

**B.    Weight of Opinions**

Lightner further contends that the ALJ erred by improperly weighing the opinions of his treating physicians. The Court agrees.

An RFC assessment is to be based upon consideration of all relevant evidence in the case record, including medical evidence. SSR 96-5p. With respect to medical evidence, the ALJ must give controlling weight to a treating physician's opinion if it is well supported by medically acceptable diagnostic techniques and it is not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(c); *Elder*, 529 F.3d at 415.[2] When the treating physician's opinion is not entitled to controlling weight, however—such as where it is not supported by the objective medical evidence, where it is inconsistent with other substantial evidence in the record, or where it is internally inconsistent, *see Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000) (citing *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir.1995))—then the ALJ should move on to assessing the value of the opinion in the same way he would any other medical evidence. *See* 20 C.F.R. § 404.1527(c)(2).

Assessing what weight to afford the opinion depends on a number of factors, such as the examining relationship (with more weight given to an opinion of an examining source); the treatment relationship, which includes the length, frequency, and nature of the treatment; the degree to which the source presents relevant evidence to support the opinion; the consistency of the source's opinion with the other evidence; whether the source specializes in an area related to the individual's impairment; and any other factors tending to support or refute the opinion. 20 C.F.R. § 404.1527(c); *Elder*, 529 F.3d at 415.  If the ALJ discounts the treating physician's opinion after considering these factors, his decision must stand as long as he "minimally

---

[2] The applicable regulations have since been amended, but the amendments took effect after Mr. Bishop's claim, so they do not apply here. 20 C.F.R. § 404.1520c.

articulated his reasons—a very deferential standard that we have, in fact, deemed lax." *Elder*, 529 F.3d at 415 (citing *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008)). Nevertheless, the ALJ must offer "good reasons" for discounting a treating physician's opinion. *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011).

Dr. Trumble treated Lightner following his September 2013 accident, including a period between November 2013 and March 2014. During that time, Dr. Trumble found that Lightner could perform only seated work or that he could stand and walk for no more than one to two hours at a given time. (R. 386, 388, 390, 394). By November 14, 2014, Dr. Trumble also opined that Lightner had reached maximum improvement, that he suffered a permanent 10% whole body partial impairment, and that he could stand or walk for one to two hours at a time and work with a cast, splint, or brace. (R. 370-71, 373, 375-76). The ALJ gave these limitations "little weight" for one stated reason: they all predated the alleged onset date of November 24, 2014. (R. 25). This constitutes reversible error. It may be true that Lightner could not be found disabled at any time before November 24, 2014, because he was still working at a level of substantial gainful activity (under step one), but it does not follow that medical evidence and opinions predating his alleged disability onset or during any period of substantial work activity matter any less when evaluating disability at later points in time. *See Doherty*, 2012 WL 4470264, *5.

"The Seventh Circuit and other circuits have ruled that an ALJ must consider 'all' evidence in the administrative record and, in fact, pre-onset evidence may be particularly relevant to assessing a claimant's degenerative condition post-onset." *Id.* (citing *Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008) (ALJ did not refuse to consider evidence based on its date "but instead she examined it as required"); *Johnson v. Sullivan*, 915 F.3d 1575, at *3 (7th Cir. 1990) (unpublished decision) ("Johnson is correct that the ALJ should consider the record as

a whole, including pre-onset evidence (particularly relating to a degenerative condition) and post-onset evidence."); *Halvorsen v. Heckler*, 743 F.2d 1221, 1225-26 (7th Cir. 1984) (finding that ALJ's decision was not supported by substantial evidence in part because he gave little, if any, consideration to medical records solely because of their date—records post-dating the claimant's date last insured—without regard to whether the contents of the record shed light on the claimant's disability at earlier points in time)).[3]

Along these same lines, the Court finds that the ALJ erred here in failing to consider the limitations set forth in Dr. Trumble's opinions merely because "they precede the claimant's alleged onset date." (R. 25). *See Doherty*, 2012 WL 4470264, *7 (remanding where ALJ refused to consider the entirety of doctors' treating history of claimant because some records predated the onset date of disability). True, as the Commissioner points out in her brief, the ALJ is not bound to give controlling weight or any special significance to a physician's opinion on issues reserved to the Commissioner, such as the claimant's RFC. [DE 16 at 7] Nonetheless, "the ALJ still must carefully evaluate that kind of opinion in light of *all* the evidence in the record and determine the extent to which it is supported by the record." *Doherty*, 2012 WL 4470264, at *6 (emphasis added and citing SSR 96-5p (Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner) ("opinions from any medical source on issues reserved to the Commissioner [including a claimant's RFC] must never be ignored," but must be evaluated in light of all the "evidence in the record to determine the extent to which

---

[3] *See also Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (citing 20 C.F.R. § 404.1520(a)(3)) (finding error in the ALJ's failure to acknowledge medical evidence pre-dating the claimant's onset date because "the regulations require the ALJ to 'consider all evidence in [the] case record when [he] makes a determination or decision whether [claimant is] disabled' "); *DeBoard v. Commissioner of Social Security*, 211 Fed. Appx. 411, 414 (6th Cir. 2006) (unpublished decision) ("We do not endorse the position that all evidence or medical records predating the alleged date of the onset of disability ... are necessarily irrelevant.... We recognize that evidence ... predating the onset of disability, when evaluated in combination with later evidence, may help establish disability.").

the opinion is supported by the record")). On remand, the ALJ cannot depreciate Dr. Trumble's opinions simply because they predated November 24, 2014 (the alleged onset date), when assigning them weight.

On remand, the Court separately invites the ALJ to reassess how much weight to afford the statements of Drs. Schrock and Siddiqi regarding Lightner's limitations.[4] Here, the ALJ gave little weight to these seemingly isolated opinions, but "a treating physician's medical opinion is entitled to controlling weight in the disability analysis if it is 'well supported by objective medical evidence and consistent with *other substantial evidence* in the record.'" *Ghiselli v. Colvin*, 837 F.3d 771, 776 (7th Cir. 2016) (emphasis added and quoting *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013)); *see also Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016) ("A treating physician's opinion is entitled to controlling weight unless it is inconsistent with the other substantial evidence.") (citing 20 C.F.R. § 404.1527(c)(2)). Here, the record contains substantial evidence detailing Lightner's medical issues and appearing consistent with the opinions of Drs. Schrock and Siddiqi concerning Lighter's ability to work, and so the ALJ should consider whether the record supports those opinions.

## CONCLUSION

The remedy for the ALJ's shortcomings is further consideration, not the immediate award of benefits requested by Lightner's counsel. [DE 15 at 12] And so, for the reasons stated herein, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter to the Commissioner for further proceedings consistent with this opinion.

---

[4] Lightner does not challenge the amount of weight given to Dr. Szynal's statement regarding his body impairment. (R. 25-26). [DE 15 at 8 n. 3]

SO ORDERED.

ENTERED:   March 5, 2018


_____/s/ JON E. DEGUILIO_____
Judge
United States District Court
