UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ANDREW LIGHTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-00206 JD |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff James Lightner's claim for benefits. The Court also awarded attorneys' fees under the Equal Access to Justice Act in the amount of $8,130.54. [DE 22]. On remand, the Commissioner made a fully favorable decision on Mr. Lightner's claim.

That resulted in an award of past-due benefits in the amount of $53,652. [DE 23 at 4]. Mr. Lightner's attorney now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). The parties disputed the exact calculation of the award. One quarter of the past-due benefits amount is $13,413. The notice from the Social Security Administration to Mr. Lightner indicated that it withheld $13,261.75 for his attorney. [DE 23-2 at 3]. Mr. Lightner's attorney seeks one quarter of the amount of past-due benefits ($13,413) [DE 23] less the $8,130.54 that was previously awarded under the EAJA for a total award of $5,282.46. On November 25, 2019, the Commissioner filed a response disputing the amount of the fee arguing that the total award was $5,131.21. [DE 27]. Following this, the SSA sent Mr. Lightner's attorney two checks in the amount of $5,185.46 and $51.85 for a total of $5,237.31. [DE 28]. Mr. Lightner's attorney noted that when the user fee is added to the checks, the total comes out to $5,282.31, which is 15 cents

less than the amount originally requested. Mr. Lightner's attorney now requests the original fee amount of $5,282.46 and seeks this Court's approval to negotiate the checks in her possession despite the SSA issuing them to her prior to the Court's order authorizing the fee. The Commissioner filed another response and neither supports nor opposes this request. [DE 29].

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 43 hours of attorney time on Mr. Lightner's appeal in this Court. [DE 23 at 13]. Considering only the attorney time, that would result in a rate of about $311 per hour, which is well within the

range of rates that courts have approved in this context. The 25% award to the plaintiff's counsel is also consistent with the assignment made in the fee agreement. [DE 23-1].

The Court therefore GRANTS the motion for attorneys' fees under § 406(b) in the amount of $5,282.46. [DE 23]. Because counsel has already received checks in that amount from the Commissioner, the Court grants counsel's request to negotiate those checks, without objection from the Commissioner, which will satisfy this award.

SO ORDERED.

ENTERED:  May 7, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court